IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN SAVOY COMBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-00139-JD |
| ) | |
| RICK WHITTEN, ) | |
| ) | |
| Respondent.[1] ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is a Report and Recommendation [Doc. No. 19] issued by United States Magistrate Judge Amanda Maxfield Green on November 2, 2021. The Report and Recommendation recommends that Petitioner Franklin Savoy Combs's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971), that Respondent's motion to dismiss [Doc. No. 9] be denied as moot, and that Mr. Combs's pending motions [Doc. Nos. 14–15, 17–18] also be denied. Judge Green advised Mr. Combs of his right to object to the Report and Recommendation by November 23, 2021.

Mr. Combs filed a timely objection [Doc. No. 20], and the Court has therefore

---

[1] The Report and Recommendation correctly substitutes Rick Whitten, Warden of the North Fork Correctional Center in Sayre, Oklahoma, as the Respondent in this action. [Doc. No. 19 at 1 n.1]. Mr. Combs alleges he is incarcerated at that facility. [Doc. No. 1]. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Court.

Additionally, because Mr. Combs alleges he is housed at a facility within the Western District of Oklahoma, he properly filed in this Court and this Court may proceed, contrary to his venue argument raised in his objection. *See* 28 U.S.C. § 2241(d) ("the application may be filed in the district court for the district wherein such person is in custody").

conducted a *de novo* review of those portions of the Report and Recommendation to which he objected, consistent with 28 U.S.C. § 636(b)(1). Respondent Rick Whitten ("Respondent") did not object to Judge Green's recommendation that the Court abstain based on the pending nature of the post-conviction relief proceedings in Hughes County or to any other aspect of the Report and Recommendation, including that the Respondent's motion to dismiss be denied as moot.

After a *de novo* review, the Court agrees with the Report and Recommendation that abstention applies. In sum, Mr. Combs is challenging his Hughes County, Oklahoma state-court conviction, but he has pending post-conviction proceedings in Hughes County on the same bases. *See* Hughes County Case No. CF-2013-112 (last accessed Jan. 24, 2022). Mr. Combs does not object that the state-court proceedings are ongoing, and upon the Court's review of the docket, his second post-conviction applications and amendments have not been ruled upon by the state court.[2]

The Tenth Circuit has held that post-conviction motions in criminal cases satisfy as pending proceedings for the purposes of *Younger* abstention. *See, e.g.*, *Carbajal v. Hotsenpiller*, 524 F. App'x 425, 428 (10th Cir. 2013) (unpublished). The Tenth Circuit recently reiterated that:

---

[2] Mr. Combs does not object to Judge Green's findings regarding his second application for post-conviction relief, amendments, and additional applications, all still pending in Hughes County District Court. [Doc. No. 19 at 3, 5]. The status of his post-conviction filings in state court has not changed since Judge Green issued the Report and Recommendation. *See* CF-2013-00112, Hughes County District Court, available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=hughes&number=cf-2013-112 and https://www1.odcr.com/detail?court=032-&casekey=032-CF++1300112 (last accessed Jan. 24, 2022).

> [A] prisoner in custody under the authority of a state should not, except in a case of peculiar urgency, be discharged by a court or judge of the United States upon a writ of habeas corpus, in advance of *any proceedings* in the courts of the state to test the validity of his arrest and detention. To adopt a different rule would unduly interfere with the exercise of the criminal jurisdiction of the several states, and with the performance by this court of its appropriate duties.

*Kirk v. Oklahoma*, No. 21-6050, 2021 WL 5111985, at *3 (10th Cir. Nov. 3, 2021) (unpublished; emphasis added) (quoting *Whitten v. Tomlinson*, 160 U.S. 231, 247 (1895)).

Mr. Combs's objection [Doc. No. 20] reasserts his argument that the state court lacks jurisdiction under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and related cases, and contends such circumstances create an exception to *Younger* abstention. *See* [Doc. No. 20 at 2] (*Younger* abstention applies "except where authorized by some Act of Congress . . . such as . . . the Major Crimes Act . . . or where . . . necessary to aid . . . the jurisdiction . . . of any federal court . . . .") (cleaned up). But Mr. Combs has failed to point the Court to any authority recognizing any such exception applies in the habeas context or in these circumstances, and the Court is aware of none.

Moreover, this argument has been rejected repeatedly, and the Court finds these cases persuasive in overruling Mr. Combs's objection. *See, e.g.*, *Driggers v. Crow*, No. CIV-21-336-R, 2021 WL 2371347, at *1 (W.D. Okla. June 9, 2021) ("Despite Petitioner's contention that the state court lacked jurisdiction over his state trial and conviction [as a result of *McGirt*], Petitioner must nevertheless first address this issue via post-conviction application, which he is currently attempting to do. As noted in the Report and Recommendation, *Younger* abstention applies and Petitioner has not

3

established that any of the exceptions thereto is applicable."); *Chestnut v. Whitten*, No. CIV-21-155-D, 2021 WL 4823279, at *1 (W.D. Okla. Oct. 15, 2021) ("[Petitioner] argues that under *McGirt* Oklahoma state courts lack jurisdiction over his offense and, thus, he cannot exhaust state court remedies. But there is no exception to the exhaustion requirement for jurisdictional claims in § 2254 petitions. This objection is overruled.") (citing *Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) (unpublished)); *Ross v. Oklahoma*, No. CIV-20-1092-D, 2020 WL 7775453, at *3 (W.D. Okla. Nov. 20, 2020), *report and recommendation adopted*, No. CIV-20-1092-D, 2020 WL 7774915 (W.D. Okla. Dec. 30, 2020) ("*Younger* requires the Court to abstain while Petitioner's appeals are pending in state court concerning jurisdiction over his underlying criminal proceedings, and Petitioner has not met the heavy burden to show otherwise.").

The Court concludes that it should abstain from interfering with the pending state-court proceedings, Hughes County Case No. CF-2013-112, consistent with *Younger v. Harris*, 401 U.S. 37 (1971).[3] Because the Court's abstention results in dismissal of this action without prejudice, the Court denies all pending motions as moot. *See Goings v. Sumner Cnty. Dist. Att'y's Off.*, 571 F. App'x 634, 639 (10th Cir. 2014) (unpublished) (once a court has decided to abstain, it should go no further).[4] No additional inquiry into

---

[3] Even if the Court did not abstain under *Younger*, the petition would still likely be dismissed for a similar reason—Mr. Combs's failure to exhaust his state-court remedies. *See* [Doc. No. 19 at 6 n.7]; *see also Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (federal courts cannot reach the merits of a petitioner's habeas claims unless the federal issue has been "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack" (citations omitted)).

[4] The Report and Recommendation recommends the Court deny Respondent's

4

the case is proper because the Court's conclusion that abstention applies "*ends the matter.*" *Id.* (citation omitted; emphasis in original).[5]

Additionally, *Deakins v. Monaghan* and related cases instruct that courts may dismiss the case if a party can assert their claims in state court, but courts should stay the case if there are intertwined legal claims that cannot be asserted in state court. 484 U.S. 193 (1988). *See also Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (affirming dismissal of equitable claims dismissed under *Younger* but reversing dismissal of damage claims that could not be heard in the state court). Here, Mr. Combs has not asserted any claims for monetary relief, and no doubt exists that he can assert (and has asserted) the same claims here that he has in state court in his pending requests for post-conviction relief. *See* Hughes County Case No. CF-2013-112. Accordingly, a dismissal without prejudice is appropriate—not a stay.

---

motion to dismiss [Doc. No. 9] and Mr. Combs's motion to clarify [Doc. No. 14] and motions relating to his request to be released on bail [Doc. Nos. 15, 17–18]. The Report and Recommendation does not specifically recommend denying the motion for summary judgment [Doc. No. 11] and a "motion for objection to return" [Doc. No. 13], both filed by Mr. Combs. The Report and Recommendation instead construes these filings as his combined response or objection to the motion to dismiss. [Doc. No. 19 at 1 n.3]. Mr. Combs does not object to this construction. Regardless of how characterized, all pending motions will be denied as moot based on the Court's abstention and dismissal of this action without prejudice.

[5] To the extent Mr. Combs raised a timely and proper objection in his motion to clarify [Doc. No. 14], which challenges Judge Green's issuance of an order requiring Respondent to respond [Doc. No. 6], the Court does not reach Respondent's motion to dismiss [Doc. No. 9] based on its abstention and thus this objection styled as a motion would appear to be moot as well. Regardless, Rule 4 of the Rules Governing Section 2254 Cases allows the judge to order the respondent to file an answer, motion, or other response within a fixed time, following preliminary review of the petition. Thus, there would be no error in Judge Green's order [Doc. No. 6], even if it were necessary for the Court to reach the objection noted in [Doc. No. 14].

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Mr. Combs must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Combs can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012). The Court finds that reasonable jurists could not debate the Court's determination that this Court should abstain from hearing Mr. Combs's habeas petition, and therefore the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the Report and Recommendation [Doc. No. 19] for the reasons stated therein and DISMISSES this action without prejudice consistent with *Younger v. Harris*, 401 U.S. 37 (1971). All other pending motions [Doc. Nos. 9, 11, 13, 14, 15, 17 and 18] are DENIED as moot. The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 24th day of January 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

6